# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEVANTA L. HOWELL (#M-29606), | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. 17 CV 3397 |
| | ) | |
| V. | ) | |
| | ) | JUDGE CHARLES R. NORGLE, SR. |
| SERGEANT HOUSTON, ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER

Defendants' motion for summary judgment [#47] is granted. For the reasons stated in this Order, the prior judgment is vacated, but the case is dismissed with prejudice, and another judgment shall be entered. The Court instructs the Clerk to enter final judgment in this matter pursuant to Fed. R. Civ. P. 56(a). The case remains closed.

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff Devanta Howell, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at the Cook County Jail, violated Plaintiff's constitutional rights by acting with deliberate indifference to his health and safety. More specifically, Plaintiff alleges that Defendants waited several hours to evacuate his tier after black smoke poured through the vents and filled the building. Plaintiff has belatedly responded to Defendants' motion for summary judgment. But for the reasons discussed in this Order, the motion is granted.

### II. Standards on a Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. Northern Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of his case on which he bears the burden at trial. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797-98 (7th Cir. 2017) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Johnson v. Manitowoc Cty.*, 635 F.3d 331, 334 (7th Cir. 2011) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

### III. Northern District of Illinois Local Rule 56.1

Local Rule 56.1 (N.D. Ill.) governs the procedures for filing and responding to motions for summary judgment in this judicial district. "Under the Local Rules of the Northern District of Illinois, a party filing a motion for summary judgment under Fed. R. Civ. P. 56 must serve and file 'a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law.'" *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 (7th Cir. 2008) (citation omitted). The opposing party must then file "'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing N.D. Ill. R. 56.1(b)(3)(B)); *Fabiyi v. McDonald's Corp.*, No. 11 CV 8085, 2014 WL 985415, at *1 (N.D. Ill. Mar. 13, 2014) (*aff'd* 595 F. App'x 621 (7th Cir. 2014)). The opposing party may also present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008).

If a party fails to respond to a L.R. 56.1 statement of uncontested facts, then those facts are deemed admitted to the extent they are supported by the evidence in the record. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); L.R. 56.1(b)(3)(C) (N.D. Ill.) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). A plaintiff's *pro se* status does not excuse him from complying with these rules. *Morrow v. Donahoe*, 564 F. App'x 859, 860 (7th Cir. 2014) (unpublished opinion) (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (inter alia)).

Consistent with the Local Rules, Defendants filed a "Statement of Material Facts" along with their motion for summary judgment. (R. 48, Defendants' Local Rule 56.1(a) Statement.) Each substantive assertion of fact in Defendants' Local Rule 56.1(a) Statement is supported by evidentiary material in the record. Also in accordance with the Local Rules, Defendants filed and served on Plaintiff a Local Rule 56.2 Notice, which explained in detail the requirements of Local Rule 56.1. (R. 51, Notice to *Pro Se* Litigant Opposing Summary Judgment.) The notice warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Apex Digital, Inc. v. Sears,*

2

*Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Moreover, when Plaintiff expressed a post-judgment interest in pursuing his claim, the Court specifically called his attention to Local Rule 56.2's requirements. (R. 59, Order of September 5, 2018.) Despite the admonitions, Plaintiff failed to respond to each of Defendants' numbered statements of fact, or to file statements of additional or disputed facts. Instead, Plaintiff simply filed his own statement of facts and declaration in support of his claims. Nevertheless, because Plaintiff is proceeding *pro se*—and because there appears to be no conflict between either party's facts—the Court has incorporated Plaintiff's additional factual assertions.

## IV. Uncontested Facts

Plaintiff Devanta Howell was a pretrial detainee at the Cook County Jail at the time of the events giving rise to this action. He was housed in the jail's Division 10, tier 2-D. On March 30, 2017, at about 4 p.m., Plaintiff began to smell smoke. The smoke came out of the ventilation system and lasted for several hours. Correctional officers circulated through the tier to make sure that nothing was on fire. Plaintiff overheard a correctional officer report that he was going to call sergeants to the tier. A correctional officer also summoned a nurse.

Three sergeants, including Defendants Houston and Williamson, arrived with a nurse some time between 5 and 6 p.m. to check on the detainees, and to confirm there was no fire. At that time, Plaintiff did not ask for medical attention. Plaintiff did not see Defendant Houston or Williamson when they checked on the tier, and he does not know what they were doing as events unfolded.

Correctional employees moved Plaintiff to the basement at about 10:15 that evening, some six hours after smoke began to fill the tier. Plaintiff remained in the basement until about 3:00 a.m.

While in the basement, Plaintiff asked an officer named Manmat[1] for medical attention. Although Plaintiff maintains that Manmat did not assist him, he somewhat inconsistently indicates that a nurse thereafter went to see him and "asked him some questions." (R. 65, Plaintiff's Declaration, at p. 1.). Plaintiff "assumes" that the nurse told someone to escort him to the Cermak Health Care Unit for an examination, but no one did so. (*Id.*) The next morning, Plaintiff refused to sign documents attesting that he had refused medical treatment.

Apparently, one inmate lost consciousness and received medical treatment on the day of the incident. Plaintiff conceded at his deposition that he himself had no injuries, but he found it hard to breathe afterwards, and he believed that he had "probably" suffered smoke inhalation. (R. 48, Defendants' L.R. 56.1(a) Statement of Material Facts, ¶ 16.) Plaintiff did not seek medical attention following the incident. Two weeks later, when Plaintiff filed a grievance relating to the episode, he did not mention any medical issues or requests for medical assistance.

---

1 By Order of May 10, 2017, the Court summarily dismissed Officer Manmat as a Defendant on preliminary review pursuant to 28 U.S.C. § 1915A because Manmat was not mentioned anywhere in the body of the complaint. (R. 7, p. 4.) Plaintiff never amended his complaint to assert a claim against Manmat.

3

He never sought medical treatment for smoke-related injuries during the rest of his tenure at the Cook County Jail.

Plaintiff was transferred to IDOC custody on July 25, 2018, about sixteen months after the March 2017 incident. At the Hill Correctional Center, Plaintiff sought medical care for post-traumatic stress. He reported that he was experiencing "flashbacks" to the smoke-filled deck, and that he felt a fear of being trapped in a smoke-filled cell with no one to help him. (R. 65, Plaintiff's Declaration, p. 2.) Doctors at Hill have prescribed Plaintiff Buspar for anxiety and Remeron to help him sleep.

Plaintiff's complaint in this case did not allude to an alleged denial of medical care.

## VI.  Analysis

Even viewing the record in the light most favorable to Plaintiff, the Court finds that Defendants are entitled to judgment as a matter of law. There is no triable question as to whether Defendants violated Plaintiff's constitutional rights in responding to the smoke incident. No reasonable juror could conclude that Defendants acted with deliberate indifference to Plaintiff's health or safety. Furthermore, Plaintiff's medical claim, which was raised at the summary judgment stage, is without merit. Accordingly, Defendants' motion for summary judgment is granted.

Claims brought by pretrial detainees under the Fourteenth Amendment are subject to an "objective unreasonableness" inquiry. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, --- U.S. ---, 135 S. Ct. 2466, 2475 (2015)). To that end, the Court first determines whether the condition at issue was objectively serious enough to deny an inmate a basic human need. *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 (7th Cir. 2016); *see also Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (in the cases of both pretrial detainees and convicted prisoners, "the alleged conditions must be objectively serious enough to amount to a constitutional deprivation...."). Basic human needs include physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346-48 (1981); *Smith v. Sangamon Cty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013). The detainee then must allege facts showing that defendants "possessed a purposeful, a knowing, or possibly a reckless state of mind." *Smith*, 803 F.3d at 309 n.2; *accord Miranda*, 900 F.3d at 353 ("a detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard") (citations omitted). Neither negligence nor even gross negligence provides a basis for liability under section 1983. *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012).

In the case at bar, there is no triable issue as to either prong with respect to Defendants' response to smoke on the tier. The summary judgment record does not reflect the cause of the smoke, the toxicity of the smoke, or the extent of the smoke. Plaintiff describes only "smoke on the deck ... that ... lasted several hours." The smoke must not have been excessively injurious, as correctional officers remained on the tier along with the inmates. Evidently only one other detainee experienced a health event that triggered medical treatment. Plaintiff has not met his burden of demonstrating that there was a serious and substantial risk to his health or safety.

4

Furthermore, Plaintiff has not made a showing of reckless disregard. Correctional officers, their superiors, and health care providers responded to the potential threat. Plaintiff is not competent to testify about their actions or inaction, as he did not observe them. Although Defendants did not evacuate the tier as quickly as Plaintiff might have liked, he has not demonstrated that they were aware of and consciously disregarded a risk of constitutional magnitude.

Insofar as Plaintiff now asserts a medical claim, he may not do so in response to Defendants' motion for summary judgment. A party may not raise new claims at the summary judgment stage. *See, e.g., Whitaker v. Milwaukee Cnty., Wisc.*, 772 F.3d 802, 808 (7th Cir. 2014); *Lyons v. Vergara*, No. 14 CV 9564, 2016 WL 4493455, at *11 (N.D. Ill. Aug. 26, 2016); *Colbert v. Willingham*, No. 13 CV 2397, 2015 WL 3397035, at *10 (N.D. Ill. May 26, 2015) (same). Plaintiff admittedly made no allegations in his complaint relating to a purported denial of needed medical care. The summary judgment stage "is too late in the day to be adding new claims." *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997).

Even if the Court were to consider the medical claim, Plaintiff has no tenable cause of action against any of the remaining, named Defendants. First, Plaintiff has not established that he sustained any injury at all, let alone that he had a serious medical need. He indicates in his Statement of Facts only that he "did ask for medical assistance." (R. 64, ¶ 6.) But he does not indicate the nature of his injuries, and Defendants have shown that he never sought medical care in the days, weeks, or months following the smoke incident. To the contrary, Plaintiff made no mention of a need for medical treatment in a grievance he filed two weeks after the fire. Plaintiff has introduced no evidence whatsoever that his smoke inhalation amounted to a medical condition that would have required treatment. Thus, the Court discerns no objectively serious medical need.

And regardless, nothing in the record suggests that any of the named Defendants were responsible for the alleged denial of medical care. Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a civil rights action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Consequently, in the absence of any evidence that Defendants were aware of but disregarded a serious medical name, Plaintiff has no cognizable cause of action with respect to the alleged denial of medical care.

In sum, the Court finds that there is no genuine issue as to any material fact, and concludes that Defendants are entitled to judgment as a matter of law. Even viewing the record in the light most favorable to Plaintiff, no reasonable person could find that Defendants "acted purposefully, knowingly, or perhaps even recklessly" in response to a significantly dangerous incident. Although given the opportunity to develop his claims, Plaintiff has failed to adduce evidence to support an inference that smoke on his tier amounted to an objectively serious situation. Nor has he established that there is a jury question as to whether Defendants' response to the smoke crisis was reasonable. Furthermore, the record reflects no personal involvement on

the part of the named Defendants in connection with Plaintiff's untimely and feeble medical claim. Accordingly, Defendants' motion for summary judgment is granted. The Court's previous order dismissing this suit for lack of prosecution is vacated. This suit is dismissed, instead, pursuant to Fed. R. Civ. P. 56. A new final judgment will be entered.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *Bentz v. Palmer*, No. 12 CV 1753, 2015 WL 1042932, at *5 (N.D. Ill. Mar. 5, 2015). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he or she is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

### VII. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment [#47] is granted. The Court instructs the Clerk to enter a new final judgment in this matter pursuant to Fed. R. Civ. P. 56(a). The case remains closed.

Date: 1-9-19      *[signed] Charles Norgle*